**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JEFFREY M. WILTSE,<br><br>    Plaintiff,<br><br>v.<br><br>KRISTINA PICKERING, et al.,<br><br>    Defendants. | Case No. 2:25-cv-00593-RFB-BNW<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

Before the Court is the Court is Plaintiff's Corrected Emergency Motion for Temporary Restraining Order. ECF No. 3. Plaintiff also previously filed an Emergency Motion for Temporary Restraining Order along with his Application to Proceed *In Forma Pauperis*. ECF Nos. 1, 1-1. Because Plaintiff has not yet filed a complaint—which is a prerequisite for seeking injunctive relief—the Court recommends that Plaintiff's Motions be denied.

**I.    ANALYSIS**

The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

Federal courts are courts of limited jurisdiction, limited to deciding cases or controversies. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 654 (9th Cir. 2002). Before seeking injunctive relief, a plaintiff first must file a complaint with the court. *Stewart v. U.S. I.N.S.*, 762 F.2d 193, 198 (2d Cir. 1985) ("Only after an action has been commenced can preliminary injunctive relief be obtained."); *see also* FED. R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the court."). Not only must there be an operative pleading, but there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the complaint. *See Garcia v. Google, Inc.*, 786 F.3d 733, 744 (9th Cir. 2015) (because of a "mismatch" between plaintiff's claim and dangers she hoped to remedy through injunction, district court did not abuse its discretion in denying injunctive relief).

Here, Plaintiff has simply filed (1) an IFP Application, (2) an Emergency Motion for Temporary Restraining Order, and (3) a Corrected Emergency Motion for Temporary Restraining Order. ECF Nos. 1, 1-1, 3. Because Plaintiff has not filed a complaint, there is no case or controversy pending before the Court, and the Court cannot issue injunctive relief. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). The Court therefore recommends that Plaintiff's Motions be denied without prejudice.

The Court provides Plaintiff 30 days to file a proper complaint. Failure to do so may result in a recommendation that his case be dismissed. Because Plaintiff has applied to proceed *in forma pauperis*, Plaintiff's complaint must survive screening before the Court can consider any motions for injunctive relief. *See* 28 U.S.C. § 1915(e)(2). The Court will issue a decision on Plaintiff's IFP application in conjunction with screening the complaint.

## II.   CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Emergency Motion for Temporary Restraining Order (ECF No. 1-1) and Corrected Emergency Motion for Temporary Restraining Order (ECF No. 3) be **DENIED**.

1   **IT IS FURTHER ORDERED** that Plaintiff must file a complaint by **May 2, 2025**.
2   Failure to do so may result in a recommendation that the case be dismissed.

3   **NOTICE**

4   This report and recommendation is submitted to the United States district judge assigned
5   to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation
6   may file a written objection supported by points and authorities within fourteen days of being
7   served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely
8   objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153,
9   1157 (9th Cir. 1991).

11  DATED this 2nd day of April 2025.

                                                  _____
                                                  BRENDA WEKSLER
                                                  UNITED STATES MAGISTRATE JUDGE