# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jeffrey Wilste, | Case No. 2:25-cv-00593-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Kristina Pickering, et al., | |
| Defendants. | |

Presently before this court is pro se plaintiff Jeffery Wilste's motion for appointment of counsel. ECF No. 9.

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, Plaintiff has not filed a complaint. As a result, this Court cannot assess the likelihood of success on the merits or his ability to articulate the claims. This Court denies his

motion without prejudice. Plaintiff *may not* re-file this motion until after (1) he has filed a complaint and (2) this Court has had a chance to screen it.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 9) is **DENIED**.

DATED: April 9, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE