# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY M. WILTSE, | Case No. 2:25-cv-00593-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| KRISTINA PICKERING, *et al.*, | |
| Defendants. | |

Before the Court for consideration is the Report and Recommendation of the Honorable Brenda Weksler, United States Magistrate Judge, entered on April 3, 2025. See ECF No. 4. For the following reasons, the Court accepts and adopts the Report and Recommendation in full.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Pursuant to Local Rule IB 3-2(a), objections were due by April 16, 2025. On April 9, 2025, Plaintiff filed an objection. See ECF No. 15.

The Magistrate Judge's Report and Recommendation recommends that Plaintiff's emergency motions (ECF Nos. 1-1, 3) be denied as premature because, at the time of filing, Plaintiff had not filed a complaint, and therefore there was no case or controversy pending before the Court. The Court has conducted a *de novo* review of the Report and Recommendation and concurs with the Magistrate Judge's findings, reasoning, and recommendation in full.

1. Federal courts are courts of limited jurisdiction, limited to deciding cases or controversies. Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 654 (9th Cir. 2002). Before seeking injunctive relief, a plaintiff first must file a complaint with the court. Stewart v. U.S. I.N.S., 762 F.2d 193, 198 (2d Cir. 1985) ("Only after an action has been commenced can preliminary injunctive relief be obtained."); see also Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). As the Magistrate Judge noted, these Motions are premature because Mr. Wiltse is proceeding *in forma pauperis*. Accordingly, his case cannot move forward until the Court has screened his complaint under 28 U.S.C. § 1915 and determined it states a colorable claim. Moreover, at the time of Plaintiff's timely filed Objection, while the Plaintiff had filed a complaint (ECF No. 11) a few days prior, the Court still had not yet screened the complaint. Thus, Plaintiff's claim that the basis for the Magistrate Judge's finding was "moot" fails.

Also before the Court is Plaintiff's duplicative Motion for Temporary Restraining Order (ECF No. 6), which is identical to the Emergency Motion for Temporary Restraining Order (ECF No. 3) addressed in the Magistrate Report and Recommendation. This Motion was also filed before any complaint was filed. Accordingly, the Court finds this Motion is likewise premature and procedurally improper.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 4) is **ACCEPTED** and **ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for Temporary Restraining Order (ECF No. 1-1), Corrected Emergency Motion for Temporary Restraining Order (ECF No. 3), and Motion for Temporary Restraining Order (ECF No. 6) are **DENIED without prejudice**.

**DATED:** January 7, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**